

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00441-CV

IN RE ESTATE OF HARVEY LEE BRYANT, DECEASED

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 109720-D-CV, Honorable Steven Denny, Sitting by Assignment

February 27, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Jane A. Bryant, proceeding pro se, appeals from the trial court's *Order on Motions to Distribute*. We dismiss the untimely appeal for want of jurisdiction.

According to the limited record before the Court, Appellee, William H. Bryant, Trustee of the Restated Bryant Family Trust, filed an application seeking a post-judgment writ of garnishment against Appellant. After a trial on the matter, the trial court signed an *Order on Motions to Distribute* on September 1, 2023.[1] Because no post-judgment

---

[1] Our analysis of the timeliness of Appellant's notice of appeal presumes, without deciding, that the trial court's order is a final judgment as it followed a trial on the merits. *See Vaughn v. Drennon*, 324 S.W.3d

motions or requests were filed, Appellant's notice of appeal was due within thirty days after the order was signed, i.e. by October 2, 2023.  *See* TEX. R. APP. P. 4.1(a), 26.1(a). Appellant filed a notice of appeal on November 22, 2023.

A timely notice of appeal is essential to invoking this Court's jurisdiction.  *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).  By letter of January 26, 2024, we notified Appellant that her notice of appeal appeared untimely and directed her to show how we have jurisdiction over this appeal.  Appellant has filed a response but has not demonstrated grounds for continuing the appeal.

Accordingly, we dismiss Appellant's appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Per Curiam

---

560, 562 (Tex. 2010) ("We have long recognized a presumption of finality for judgments that follow a conventional trial on the merits.").